

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

NO. WR-93,137-01

In re CITY OF LUBBOCK, Relator

ON APPLICATION FOR A WRIT OF MANDAMUS
CAUSE NO. 2020-421,049
IN THE 140TH DISTRICT COURT OF LUBBOCK COUNTY
CAUSE NO. 07-21-00070-CV
IN THE SEVENTH COURT OF APPEALS

KELLER, P.J., filed a concurring opinion in which KEEL, J., joined.

CONCURRING OPINION

Quoting approvingly from the Texas Supreme Court's decision in *Walker v. Packer*, the

Court seems to adopt the following standard for mandamus in criminal cases:

[A] clear failure by the trial court to analyze or apply the law correctly will constitute
an abuse of discretion, and may result in appellate reversal by extraordinary writ.[1]

But mandamus jurisprudence in civil cases differs from mandamus jurisprudence in criminal cases,

so the Court's reliance on *Walker* is misplaced.

---

[1] *See* 827 S.W.2d 833, 840 (Tex. 1992) (also saying, "A trial court has no 'discretion' in determining what the law is or applying the law to the facts.").

The "abuse of discretion" standard announced over thirty years ago in *Walker* is still the law in civil cases.[2] It applies even when the law is unsettled.[3] That standard differs dramatically from the standard in criminal cases.

In most criminal cases, the extraordinary mechanism of mandamus (or prohibition) will not be available to resolve unsettled law.[4] Issues of first impression can be addressed on mandamus in criminal cases only under limited circumstances, such as when an unambiguous statute is involved or when the combined weight of our precedents clearly establishes the proposition of law on which relief is predicated.[5] We have also indicated that mandamus will be available if the law deprives a

---

[2] *In re Auburn Creek Limited Partnership*, 655 S.W.3d 837, 840 (Tex. 2022) ("When a trial court fails 'to analyze or apply the law correctly,' it has clearly abused its discretion. Essentially, the trial court has no discretion in determining the law or applying the law to the facts.") (citing *Walker*, citation to *Walker* omitted).

[3] *In re Gonzales*, 619 S.W.3d 259, 261 (Tex. 2021) ("A trial court that fails to properly apply a statutory requirement abuses its discretion because courts have "no 'discretion' in determining what the law is or applying the law to the facts," even when the law is unsettled.") (citing *Walker*).

[4] *In re Smith*, ___ S.W.3d ___, ____, No. WR-93,354-02, slip op. at 5, 2022 WL 17480102, *2 (Tex. Crim. App. December 7, 2022) ("Even when the facts are undisputed, the extraordinary mechanism of a writ of prohibition or mandamus will not lie to resolve a hotly contested unsettled question of law."); *In re Meza*, 611 S.W.3d 383, 396 (Tex. Crim. App. 2020) (mandamus inappropriate because of "unsettled legal questions"); *In re State ex rel. Wice v. Fifth Judicial Dist. Court of Appeals*, 581 S.W.3d 189, 194-95 (Tex. Crim. App. 2018) ("Mandamus relief is inappropriate if the law surrounding the court's action is unclear. . . . When the statutory terms at issue are ambiguous, mandamus relief is inappropriate."); *In re Medina*, 475 S.W.3d 291, 305 (Tex. Crim. App. 2015) ("[T]he extraordinary remedy of mandamus or prohibition is not a substitute for and cannot be used to perform the office of appeal. . . . A writ of prohibition is not the proper vehicle to settle unsettled law.").

[5] *Smith*, *supra*; *In re State ex rel. Ogg*, 618 S.W.3d 361, 363 (Tex. Crim. App. 2021); *Meza*, *supra* at 389. *See also Wice*, *supra* at 194 ("when the principle of law is so plainly prescribed as to be free from doubt" such as when "the terms of a statute are clear"); *Medina*, *supra* at 298 ("an issue of first impression can sometimes qualify for mandamus relief when the factual scenario has never been precisely addressed but the principle of law has been clearly established" but "only if the principle of law he relies upon is positively commanded and so plainly prescribed under the law as

court of jurisdiction or authority in a certain area by default and requires any exception to be expressly provided by some legal source.[6]

If the Court intends to relax our standard for mandamus, one would expect an explicit acknowledgment of that intent, along with reasons for making the change. The Court's opinion includes neither. And there is no need to change our mandamus jurisprudence in this case. As the Court correctly explains, there is a default rule that *ex parte* communications are impermissible, and any exception to that rule must be expressly provided by some legal source. With no legal source providing an exception in the circumstances here, the trial judge's conduct of holding an *ex parte* hearing was indisputably impermissible.

I join the Court's opinion, except for its citation to and reliance on *Walker*.

Filed: February 8, 2023
Publish

---

to be free from doubt") (internal quotation marks omitted).

[6] *State v. Patrick*, 86 S.W.3d 592, 595 (Tex. Crim. App. 2002) (plurality op.) ("The dissent contends that the trial court's action was not so clearly wrong as to be beyond dispute. In support of this contention, the dissent cites the maxim 'whatever is not forbidden is permitted.' Whatever validity that maxim may have as a general matter, it does not apply here. Without jurisdiction, the trial court has no power to act. Consequently, a source of jurisdiction must be found to authorize the trial court's orders."). *See Medina*, 475 S.W.3d at 298 & n.4 (quoting 43B GEORGE E. DIX & JOHN M. SCHMOLESKY, TEXAS PRACTICE SERIES: CRIMINAL PRACTICE AND PROCEDURE § 61.29 (3d ed. 2011) for proposition that mandamus is available when a trial judge lacks jurisdiction or authority to take a certain action and citing *Patrick* among other cases).